IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK A. BUCCI, JR., MD,** et al., | : : : | Civil No. 3:13-CV-3080 |
| Plaintiffs | : : | |
| v. | : : | |
| **DR. MANUEL R. PEREZ MARTINOT,** | : : : | (Magistrate Judge Carlson) |
| Defendant | : : | |

# MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a breach of contract action brought by a Pennsylvania physician and medical clinic against a Peruvian national and physician arising out of what is described as an ill-fated effort to create a charitable eye treatment clinic in Lima, Peru. (Doc. 1.) Following the filing of this complaint, plaintiff's counsel undertook international efforts to effect service upon the defendant in Peru, (Docs. 5-8.), efforts which apparently were successful because the defendant, Dr. Martinot, filed a document styled as an answer to the complaint on June 18, 2014. (Doc. 9.)

1

While Dr. Martinot has called his pleading an answer, it is evident that this pleading, which was prepared in South America without the input of an attorney skilled in federal practice, does not constitute an answer as that term is understood in federal courts in the United States. Rather, fairly construed, this document appears to be in the nature of an objection to this lawsuit on personal and subject matter jurisdiction grounds, coupled with a suggestion that the complaint should be dismissed on *forum non connveniens* grounds since Peru is a more appropriate forum for litigation of these claims. (Id.)

Nonetheless, the plaintiffs have treated Dr. Martinot's response and preliminary objections to jurisdiction as an answer, since the defendant labeled the pleading as an answer. Noting that this "answer" did not deny any of the factual averments made in the complaint, the plaintiffs have moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment in their favor on the pleadings, urging us to deem these factual matters to be admitted and requesting that we enter judgment on behalf of the plaintiffs. (Doc. 10.)

At the district court's direction, the plaintiffs also prepared a case management plan which consented to magistrate judge jurisdiction. (Doc. 14.) While it is now evident that the defendant, who contests the jurisdiction of this Court, played no role in the development of this plan and did not consent to magistrate judge jurisdiction,

this matter was then referred to Magistrate Judge Blewitt as a consent case. Judge Blewitt identified this ambiguity regarding whether the defendant had consented to magistrate judge jurisdiction, and entered an order directing the defendant to clarify whether he consented to proceed before a U.S. Magistrate Judge. (Doc. 16.)

On December 22, 2014, defendant Martinot complied with this instruction by filing a pleading which emphatically stated that he did not consent to magistrate judge jurisdiction because he was actively contesting the jurisdiction of any federal court over either the defendant, or the subject matter of this dispute. (Doc. 18.) Presented with this response by defendant Martinot, the plaintiffs filed a brief renewing their motion for judgment on the pleadings. (Doc. 19.) It is in this curious procedural posture that this matter was then transferred to the undersigned upon the retirement of Judge Blewitt.

Given this background, IT IS ORDERED as follows:

1. Since it is apparent from the defendant's pleadings, (Docs. 9 and 18.), that he is actively contesting the jurisdiction of this Court, and has not consented to magistrate judge jurisdiction, the clerk is directed to refer this case to the undersigned, but for the present also assign this matter to a district judge .

2. The plaintiff's motion for judgment on the pleadings, (Doc. 10.), is DENIED without prejudice since it is apparent to the Court that the document filed by the defendant and styled as an answer is actually in the nature of a preliminary objection to this Court's jurisdiction.

3. The defendant is advised that the Local Rules of this Court require parties who are represented by attorneys to also retain as associate counsel an attorney who is a member of the bar of this Court. Furthermore, the defendant is advised that any challenge to the jurisdiction of this Court must be made by a motion, and accompanied by a brief.

4. In order for the defendant to come into compliance with the requirements of this Court, IT IS ORDERED as follows:

    A. If the defendant is represented by counsel, that attorney shall enter his or her appearance and arrange for associate counsel who is a member of the bar of this Court on or before **April 6, 2015** . If the defendant is representing himself in this matter he shall notify the Court that he is proceeding as his own counsel on or before **April 6, 2015**.

> B. The defendant must then either file a proper motion to dismiss for lack of jurisdiction or otherwise answer this complaint, on or before **April 20, 2015**.
>
> C. Failure to comply with these steps may result in the entry of a default judgment against the defendant or other sanctions.

So ordered this 4th day of March 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
